EDWARD BEAM et al.

*v.*

THE PATERSON DEPOSIT AND TRUST COMPANY et al.

[Decided March 16th, 1925.]

On appeals from orders of the court of chancery.

*Mr. William B. Beam,* for the appellants.

*Messrs. Griggs & Harding,* for the respondents.

PER CURIAM.

These appeals are taken from three orders made by the court of chancery.

The situation disclosed by the case before us is as follows: The bill was filed in August, 1921. By it the complainants sought to compel the Paterson Safe Deposit and Trust Company, as trustee under the will of one Sarah A. Cooke, to account for property which it had received under the will,

to have a receiver appointed to take charge of the trust funds, and to compel the trust company to make good to the complainants losses which, it was charged, had depreciated the trust property and which had occurred through the dereliction of the trustee. The case remained undisposed of for several years after the filing of the bill, no decree having been entered therein after the completion of the hearing up to the 2d of July, 1924. A few days previous to that date William Beam, representing himself and other *cestui que trusts,* applied to Vice-Chancellor Griffin, to whom the case had been referred, to reopen the hearing, in order that the complainants might introduce into evidence the testimony taken and the exhibits offered in four different litigations which had been or were pending in the prerogative court, and in which these parties, or some of them, were concerned. This application was refused on the date mentioned, and the order of denial is made one of the subjects of this appeal. At the same time Beam applied to the court to stay the consideration and decision of this cause until the determination of the four cases in the prerogative court already referred to. This application was also denied, and this second order of denial has also been appealed from. On the 6th of August, 1924, Beam applied to the chancellor, asking him to refuse to sign the decree in this case, which had been advised by Vice-Chancellor Griffin early in the preceding month, until the chancellor should examine the proceedings on which that decree was based, and should consider every step in those proceedings, every act of the vice-chancellor and of the various counsel before him, not only in the present case but in the cases which had been tried in the prerogative court before Vice-Ordinary Griffin, and which have already been referred to. The chancellor refused this application, and from the order of refusal the appellants have also taken an appeal.

Taking up the consideration of these several orders in their turn: The refusal of Vice-Chancellor Griffin to reopen the hearing for the purpose of permitting the appellants to introduce into evidence the testimony taken and the exhibits produced in the prerogative court cases was entirely proper.

Conceding that ordinarily a party may have read into the testimony in a pending litigation evidence which has been taken in other cases, but which is relevant to the issues involved in the case being tried, unquestionably it would be grossly improper to permit the whole of the testimony in such cases to be injected into the pending suit, without regard to its competency or its relevancy upon the issues involved in that suit.

As to the second order appealed from: No reason was shown for staying the determination of the present suit until the determination of the litigations in the prerogative court. The present suit was required to be decided upon the issues raised by the pleadings and the testimony offered in support of or against those issues, and its decision could not be affected by the proceedings in, or the decision of, other causes, except perhaps to the extent that in those other causes legal principles were declared which were controlling as to questions involved in this litigation.

As to the third order: It is enough to say that, under the chancery practice, the chancellor signs the decree advised by a vice-chancellor as a matter of course, and we know of no reason which would justify him in refusing to do so unless application has been made to him to sit in review upon the decision of his vice-chancellor. The proposition that he should not only do this, but that he should also consider every act of the vice-chancellor and of the various counsel who had appeared before him, not only in the pending case, but also in the several cases which were tried in the prerogative court before the same judicial officer, is so palpably without legal substance as not to merit discussion

The orders appealed from will each of them be affirmed.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, MINTURN, KALISCH, BLACK, KATZENBACH, CAMPBELL, LLOYD, WHITE, GARDNER, VAN BUSKIRK, CLARK, McGLENNON, KAYS, JJ.  15.

*For reversal*—None.